UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TAUPOISALANI SKINNER-JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 2:17-cv-340 |
| | ) | |
| MERRILLVILLE LODGING, INC. d/b/a | ) | |
| HOLIDAY INN, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ms. Taupoisalani Skinner-Jones, hereinafter Ms. Skinner-Jones, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendant, Merrillville Lodging, Inc. d/b/a Holiday Inn, hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

1

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Skinner-Jones, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a domestic for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about October 27, 2016, Ms. Skinner-Jones filed timely charges of Disability Discrimination with the Equal Employment Opportunity Commission ("EEOC"), EEOC No. 470-2017-00337.

8. On or about May 23, 2017, Ms. Skinner-Jones received a Notice of Right to Sue from the EEOC for Charge Number 470-2017-00337, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Ms. Skinner-Jones on or about June 2, 2016.

11. Throughout her employment with Defendant, Ms. Skinner-Jones met or exceeded Defendant's legitimate expectations of performance.

12. On or about August 8, 2016, Ms. Skinner-Jones had a panic attack while at work for the Defendant.

13. Ms. Skinner-Jones exhibited slurred speech.

14. An ambulance was called for Ms. Skinner-Jones.

15. At the hospital Ms. Skinner-Jones was informed she was hemorrhaging and in need of a blood transfusion.

16. On or about August 8, 2016, Ms. Skinner-Jones informed the Defendant of her disability.

17. The Defendant informed Ms. Skinner-Jones that she should "take care of her health" and that she "should step down."

18. Ms. Skinner-Jones asked the Defendant if she was being fired.

19. The Defendant advised Ms. Skinner-Jones that she needed to quit because "having a panic attack in front of guests was not tolerated."

20. On or about August 10, 2016, the Defendant terminated Ms. Skinner-Jones.

21. The Defendant intentionally discriminated against Ms. Skinner-Jones due to her disability.

22. The Defendant failed to accommodate Ms. Skinner-Jones' disability.

23. The Defendant failed to engage in the interactive process with Ms. Skinner-Jones.

24. The Defendant willfully and intentionally terminated Ms. Skinner-Jones on the basis of her disability.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Ms. Skinner-Jones, for her first claim for relief against Defendant, states as follows:

25. Ms. Skinner-Jones hereby incorporates by reference paragraphs 1 through 24 as though previously set out herein.

26. At all times relevant to this action, Ms. Skinner-Jones was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

27. The conduct as described hereinabove constitutes discrimination on the basis of Ms. Skinner-Jones' disability.

28. Defendant intentionally and willfully discriminated against Ms. Skinner-Jones because she is disabled and/or because Ms. Skinner-Jones has a record of being disabled and/or because Defendant regarded Ms. Skinner-Jones as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

29. Defendant's actions were intentional, willful and in reckless disregard of Ms. Skinner-Jones' rights as protected by the ADA and Title VII.

30. Ms. Skinner-Jones has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Skinner-Jones, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Skinner-Jones her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Ms. Skinner-Jones all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Ms. Skinner-Jones all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Ms. Skinner-Jones, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
David W. Stewart 14968-49
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
David@getstewart.com
Attorney for Plaintiff